### LUBLINER v. TIFFANY & CO.

(Supreme Court, Appellate Division, First Department.    November 9, 1900.)

PRINCIPAL AND AGENT—FALSE IMPRISONMENT.
    Where an employé of the defendant, whose duties were to superintend the administration of its business and look after lost jewelry belonging to it, without authority from defendant made affidavit for the arrest of plaintiff as connected with lost jewelry belonging. to a customer of defendant, and for which defendant had offered a reward according to its custom, defendant is not liable for false imprisonment, since it had no such interest in the property as would give its employés implied authority to take proceedings for the punishment of those who had stolen it.

Appeal from trial term, New York county.

Action by Jacob Lubliner against Tiffany & Co. for false impris-
onment and malicious prosecution. From a judgment dismissing
the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON,
O'BRIEN, and INGRAHAM, JJ.

Charles G. F. Wahle, for appellant.
Charles E. Miller, for respondent.

INGRAHAM, J. The complaint in this action alleged facts suffi-
cient to sustain an action for false imprisonment and malicious
prosecution. Upon the trial the plaintiff elected, at the request of
the defendant, to proceed upon the charge of false imprisonment.
The plaintiff then called as a witness one Ralph M. Hyde, who
swore that he was employed by Tiffany & Co., the defendant cor-
poration, as superintendent; that his duties were general superin-
tendent of the administration of the house, seeing that the rules
and regulations were carried out in the house; that looking after
lost jewelry was not particularly his business; that if such jewelry
was the corporation's property it was then his business to look after
it; that Tiffany & Co. were in the habit of offering rewards for
property lost by their customers, but that a Mr. Hite was in charge
of matters referring to jewelry for which the defendant offered a
reward; that Hite was not under the supervision of the witness,
but had rather an independent position, and did not report to the
witness, and except in the case of general orders was not subject
to the orders of the witness; that a reward was offered by the
defendant for the return of certain property which had been lost
by one of its customers, and that in answer to an advertisement
for the return of such property one Pugh applied to the defendant,
and stated that he had found the property,. that plaintiff had told
Pugh that the stones in one piece of the jewelry were paste, and
he had sold it to the plaintiff for $1.10. In company with Pugh,
the witness then went to a police magistrate, and made an affidavit,
upon which the police magistrate issued a warrant for the arrest
of the plaintiff. Upon this warrant the plaintiff was held, and sub-
sequently indicted by the grand jury, which indictment was dis-
missed upon the statement of the district attorney that Pugh, who
was the principal witness, could not be found. There is nothing
to show that Hyde did anything more than appear before the magis-
trate and make this affidavit. He had nothing to do with the is-
suing of the warrant or with its execution, and the only evidence
that tends to connect him with it is the fact that in company with
Pugh he appeared before the magistrate and made this affidavit.

It is not necessary to determine upon this appeal whether or
not the facts stated in the affidavit were sufficient to justify the
magistrate in issuing the warrant, as we do not think that the
defendant is liable for the action of Hyde in making this depo-
sition. Hyde was not acting within any general or implied author-
ity conferred upon him by the defendant. The property alleged
to have been stolen was not the property of the defendant, nor
property in which it had any interest. So far as appears, it was

not the duty of Hyde to protect or recover this property. The fact that at the request of a customer the defendant had offered a reward for the return of the property did not, so far as appears, give the defendant an interest in the recovery of the property which made it the duty of their employés to take proceedings for its recovery or the punishment of those who had stolen it. As superintendent of the defendant's store, Hyde had charge of the defendant's property located there, and as such undoubtedly would be authorized to take proceedings to recover any property stolen from it; but there is nothing to show that it was any part of his duty, or that he was authorized, either expressly or by implication, to commence criminal proceedings against persons who had stolen property from the defendant's customers when such thefts were not committed upon the defendant's premises. The plaintiff is seeking to charge the defendant, a corporation, with liability for an imprisonment based upon a warrant issued by a police magistrate. To hold the defendant liable it was necessary to prove that the person who procured the warrant was acting within the scope of the authority conferred upon him by the defendant. In this case Hyde had no authority from the defendant under which he would have been authorized to make a complaint against a person who had committed an offense not connected with the defendant's business or property. In making this charge against the plaintiff, he was not protecting or endeavoring to recover possession of any of the defendant's property, and the charge itself had no relation to any interest of the defendant which he was authorized to protect. We think the case comes within the principle established in Mulligan v. Railway Co., 129 N. Y. 511, 29 N. E. 952, 14 L. R. A. 791. It there appeared that a ticket agent of the defendant railroad received from the plaintiff a five-dollar bill for a ticket upon the road, and then procured the arrest of the plaintiff, charging that the bill furnished was counterfeit; that the agent knew that the bill was counterfeit, and received it for the purpose of entrapping the plaintiff, who the agent believed was committing the crime of passing counterfeit money. The court held that where a ticket agent of a railroad "deliberately takes from a person, applying to purchase a ticket, what he believes to be a counterfeit five-dollar bill, not, of course, in good faith, or in the regular and ordinary course of his business, but for the purpose of aiding the police in the detection of criminals, and then immediately directs the arrest of the person from whom he took the bill, such an act on his part is not binding on his principal"; that "the defendant, as a citizen, might with perfect propriety render to the police such services as he could in procuring the detection and arrest of persons engaged in passing counterfeit money, but it does not follow that all his acts in that respect are binding on the defendant." Here the charge that was made was that the plaintiff had committed a crime in relation to the property of a third person, in the recovery of which the defendant had no interest. Nothing is shown that would suggest that Hyde had any authority from the defendant to make a criminal charge in such case, and the act of Hyde, therefore, was not

within the authority conferred upon him by the defendant, or in the prosecution of its business, and for any act on the part of Hyde in relation to the plaintiff's arrest the defendant was not liable.

It follows that the complaint was properly dismissed, and the judgment is affirmed, with costs. All concur; VAN BRUNT, P. J., in result.